■ In the Matter of the Arbitration between EMPIRE INSURANCE Co., Respondent, and INEZ DINGLE et al., Appellants. [626 NYS2d 191] —Order of the Supreme Court, New York County (Joan Lobis, J.), entered March 28, 1994, which granted reargument of a prior motion to stay arbitration, and upon same, permanently stayed arbitration, unanimously reversed, on the law and facts, to the extent appealed from, and the permanent stay of arbitration is vacated, with costs and disbursements payable to respondents-appellants.

On September 8, 1991, a vehicle owned and operated by Laverne Lewis and insured by petitioner Empire, collided with an uninsured vehicle. Respondents, who were passengers in the Lewis vehicle, allegedly sustained bodily injuries. Respondents served separate demands for uninsured motorist arbitrations on Empire, each claiming $60,000 in uninsured benefits in connection with their respective injuries. Laverne Lewis, the named insured in Empire's policy, was not a claimant for uninsured motorist benefits, nor otherwise made a party to the arbitration proceeding.

Empire first moved by petition to permanently stay the uninsured arbitration or alternatively to reduce the amount claimed from $60,000 per claimant and $120,000 per accident to $50,000 per claimant and $100,000 per accident. The IAS Court granted the alternative relief reducing the amount claimed to the policy limits as indicated without explicitly denying the request for a permanent stay of arbitration.

Thereafter, Empire moved to resettle the order to address the primary relief requested in the original petition, to wit, a permanent stay of arbitration, on grounds that respondents failed to supply information about the accident as required under the terms of the policy. The IAS Court granted reargument and upon reargument permanently stayed arbitration.

The policy provides, in relevant part:

"Notice and Proof of Claim; Medical Reports: Within 90 days or as soon as practicable, the insured or other person making claim shall give to the company written notice of claim under this coverage.

"As soon as practicable after written request by the company, the insured or other person making claim shall give to the company written proof of claim, under oath, if required."

A single letter, dated October 17, 1991, was sent to the insured Laverne Lewis, who is not a claimant herein, requesting an accident report detailing "all particulars of the parties involved" as well as a "description of how the accident oc-

curred." Ms. Lewis, who is not a party to the CPLR article 75 proceeding, did not respond.

Since respondents were never served with Empire's written request for proof of claim, the IAS Court erred when it granted a permanent stay of arbitration.

Empire failed to demonstrate that the claimants violated the terms and conditions of the policy, which unambiguously require written proof of the claim to be provided by the insured *or other person making the claim* only where written request by the company has been made to that person or persons. Empire concededly never sent to any claimant such a request. Neither the single letter to insured Laverne Lewis requesting information nor Empire's purported oral requests to claimants' attorneys can be said to obligate claimants who were otherwise unaware of an obligation under the terms of the policy to furnish proof of claim. In any event, contrary to Empire's claims, it was placed on notice of the loss by requests for no-fault benefits which were accompanied by authorizations for medical records, and later, by the demand for arbitration. Concur—Ellerin, J. P., Asch, Nardelli and Williams, JJ.